Mario Aieta (MA 2228)
Betsy C. Judelson (BJ 1107)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
(212) 813-5900 (phone)
(212) 813-5901 (fax)

Attorneys for Plaintiffs

'JUDGE CROTTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
THE CHILDREN'S PLACE RETAIL STORES,  :
INC. and THE CHILDREN'S PLACE         :
SERVICES COMPANY, LLC                 :
                                       :
                    Plaintiffs,        :
                                       :
          v.                           :
                                       :
THE FAMILY PLACE, LTD., LOT STORES,   :
INC., BURNSIDE AVENUE LOT STORES,     :
INC., CASTLE HILL LOT STORES, INC., and :
MAMARONECK AVENUE LOT STORES,         :
INC.                                   :
                    Defendants.        :
                                       :
-------------------------------------------------------------x

**'07 CIV 5512**

Case No. _____

**COMPLAINT**



Plaintiffs The Children's Place Retail Stores, Inc. ("The Children's Place Retail Stores")

and The Children's Place Services Company, LLC ("The Children's Place Services Company")

(collectively "The Children's Place" or "plaintiffs"), by their undersigned attorneys, Fross

Zelnick Lehrman & Zissu, P.C., for their Complaint against defendants The Family Place, Ltd.,

Lot Stores, Inc., Burnside Avenue Lot Stores, Inc., Castle Hill Lot Stores, Inc., and Mamaroneck

Avenue Lot Stores, Inc. (collectively "defendants"), allege as follows:

{F0063751.4 }

## NATURE OF THE ACTION

1.      In a clear attempt to trade on the good will of THE CHILDREN'S PLACE trademarks, defendants have not only adopted the confusingly similar mark, THE FAMILY PLACE, but also have adopted a nearly identical logo. To protect the goodwill plaintiffs have established in THE CHILDREN'S PLACE and related marks, they bring this action for trademark infringement and unfair competition under Sections 32(1) and 43(a) of the Lanham Act, and related claims under New York State law. Plaintiffs seek an injunction, an accounting of defendants' profits flowing from their use of THE FAMILY PLACE mark and logo, damages, attorneys' fees and such other relief as the Court deems just and proper.

## THE PARTIES

2.      Plaintiff The Children's Place Services Company is a Delaware Limited Liability Company located and doing business at 915 Secaucus Road, Secaucus, New Jersey 07094. The Children's Place Services Company is the owner of several incontestable federal trademark registrations for the marks THE CHILDREN'S PLACE and BABY PLACE as well as a federal registration for SHOE PLACE.

3.      Plaintiff The Children's Place Retail Stores, Inc. is a Delaware corporation with offices at 915 Secaucus Road, Secaucus, New Jersey 07094. The company operates more than 875 "The Children's Place" retail stores across the country, including several in New York, Bronx and Westchester counties of New York State.

4.      Upon information and belief, defendant The Family Place, Ltd. is a corporation organized and existing under the laws of New Jersey with an office at 1250 South River Road,

Cranbury, New Jersey 08512. The Family Place, Ltd. applied for trademark registrations of THE FAMILY PLACE mark with the United States Patent and Trademark Office.

5. Upon information and belief, defendant Lot Stores, Inc. is a corporation organized and existing under the laws of New Jersey with an office at 1250 South River Road, Cranbury, New Jersey 08512 that operates Lot Stores in several states, including in New York, Bronx, and Westchester Counties of New York State. Plaintiffs believe that Lot Stores Inc. operates several stores under THE FAMILY PLACE mark.

6. Upon information and belief, defendant Burnside Avenue Lot Stores, Inc. operates two Lot Stores known as The Family Place. The stores are believed to be located at 18 East Burnside Avenue, Bronx, NY 10453 and at 581 East 138 Street, Bronx, NY 10454. Burnside Avenue Lot Stores, Inc. is a corporation organized and doing business in New York.

7. Upon information and belief, defendant Castle Hill Lot Stores, Inc. operates a Lot Store known as The Family Place at 1301-1317 Castle Hill Avenue, Bronx, NY 10562. Castle Hill Lot Stores, Inc. is a corporation organized and doing business in New York.

8. Upon information and belief, defendant Mamaroneck Avenue Lot Stores, Inc. operates a Lot Store known as The Family Place at 120-122 Mamaroneck Avenue, White Plains, NY 10605. Mamaroneck Avenue Lot Stores, Inc. is a corporation organized and doing business in New York.

9. Upon information and belief, the president of The Family Place, Ltd., Haskel Dweck, is the chairman or chief executive officer of all three New York entities.

{F0063751.4 }

-3-

## JURISDICTION AND VENUE

10.     The Court has original jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b).  The Court has supplemental jurisdiction over plaintiffs' state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

11.     Venue in this judicial district is proper pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), in that a substantial part of the events giving rise to plaintiffs' claims, including, but not limited to, the actions involving defendants' The Family Place retail outlets, occurred in this district, and in that defendants are subject to personal jurisdiction in New York State and is therefore deemed to reside in New York State.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.     Plaintiffs' Well-Known THE CHILDREN'S PLACE and related marks

12.     For decades, plaintiffs have used the trade name and house mark THE CHILDREN'S PLACE in connection with retail services.  As a leading specialty retailer of children's merchandise, plaintiffs have developed substantial goodwill in THE CHILDREN'S PLACE and related marks.

13.     Plaintiffs spend millions of dollars annually advertising and promoting their nationwide chain of retail stores.  They conduct extensive direct mail, in-store, and magazine advertising campaigns.

{F0063751.4 }

14.    As a result of plaintiffs' investment of time, money and effort, THE

CHILDREN'S PLACE and related marks have become exclusively associated with plaintiffs and

their goods, and represent enormous and valuable goodwill.

15.    Plaintiffs own several incontestable federal trademark registrations for THE

CHILDREN'S PLACE, including the following:

- Reg. No. 1,020,742, issued September 16, 1975 for THE CHILDREN'S PLACE for "retail store services specializing in children's clothing, children's toys and accessories" in international Class 42, based on first use in commerce since August 1, 1970;

- Reg. No. 1,137,068 issued June 17, 1980 for THE CHILDREN'S PLACE (Stylized) for "retail store services specializing in children's clothing" in International Class 42, based on first use in commerce since August 1, 1970; and

- Reg. No. 2,165,577, issued June 16, 1998 for THE CHILDREN'S PLACE OUTLET (Stylized) for "retail store services featuring children's clothing, shoes, purses, toys, belts, jewelry, stationary, hats, furniture, musical products, videotapes and scarfs" in International Class 35, based on first use in commerce since March 1, 1997.

16.    Additionally, plaintiffs own several incontestable registrations for BABY

PLACE, including a registration for "retail store services featuring children's clothing and

accessories," which is based on a first use in commerce of November 20, 1998. Reg. No.

2,394,007.

17.    Plaintiffs also own a federal registration for SHOE PLACE in connection with

"[c]hildren's clothing, namely, footwear, sneakers, sandals, shoes, socks." Reg. No. 2,976,471.

The mark has been used in connection with clothing for children since 2004 and is well known

among consumers.

18.    These registrations (collectively "The Children's Place Registrations") are valid,

subsisting, in full force and effect, and constitute evidence of plaintiffs' exclusive right to use

THE CHILDREN'S PLACE, BABY PLACE, and SHOE PLACE marks (collectively "The

Children's Place Marks") in connection with the goods or services identified therein. Copies of

The Children's Place Registrations are attached as Exhibit A.

19.    The Children's Place adopted a logo form of THE CHILDREN'S PLACE mark

many years ago consisting of the words "THE CHILDREN'S" in small

capital block letters, stacked above the word "PLACE" in a larger font

**THE CHILDREN'S**
**PLACE**

("The Children's Place Logo"). The Children's Place Logo appears on

more than 875 "The Children's Place" storefronts nationwide, as well as on plaintiffs' website

and in their advertising and promotional materials. The Children's Place Logo also appears on

the labels of its clothing. The Children's Place has for many years consistently used a blue and

white color scheme for their logo.


**B.    Defendants' Infringing Activity**

20.    Defendants have never been associated or affiliated with plaintiffs in any way and

plaintiffs have never authorized, licensed or consented to defendants' conduct complained of

herein.

21.    Long after plaintiffs obtained exclusive rights in THE CHILDREN'S PLACE

Marks, defendants adopted the confusingly similar THE FAMILY PLACE mark for similar

services. Plaintiff The Children's Place Services Company is currently involved in a dispute

before the Trademark Trial and Appeals Board of the United States Patent and Trademark Office

concerning defendant The Family Place, Ltd.'s attempt to obtain trademark registrations for THE

FAMILY PLACE. Serial Nos. 76/648,956, 76/662,769.

{F0063751.4 }

22.    Upon information and belief, defendants are operating several Lot Stores retail outlets under the name THE FAMILY PLACE.  One of these stores, located in Westchester County, displays The Family Place logo – a logo that is nearly identical to that of The Children's Place Logo – in the storefront.  The logo is repeated on several banners within the store, as well as on shopping baskets.



23.    Upon information and belief, defendants deliberately copied plaintiffs' stacked logo to trade on the good will of plaintiffs.  But for the substitution of the word "CHILDREN'S" for "FAMILY," the logo on defendants' Westchester storefront, signage, and shopping baskets appears identical to plaintiffs' logo in terms of shape, color and proportion.  Defendants' logo similarly includes small capital blue block letters, stacked and justified above the word "PLACE" in a larger font.

## C.    Defendants' Refusal to Stop Using THE FAMILY PLACE Mark

24.    To protect THE CHILDREN'S PLACE Marks and the goodwill they represent, and to prevent confusion among consumers as to the origin or affiliation of defendants' products and services, plaintiffs' counsel requested that defendants stop using THE FAMILY PLACE mark and logo.  Defendants refused to stop using the confusingly similar THE FAMILY PLACE mark and logo.

{F0063751.4 }

25.    Defendants' use of the mark and logo is likely to falsely suggest an association

with or approval by The Children's Place of defendants' stores and is likely to continue to create

confusion, as consumers will assume that defendants' goods are authorized by, endorsed by,

associated with, or are otherwise connected with The Family Place.

26.    Defendants' use of THE FAMILY PLACE mark and logo in connection with

retail services is intentionally fraudulent, malicious, willful and wanton.

27.    The use by defendants of THE FAMILY PLACE mark and logo unfairly and

unlawfully wrests from The Children's Place control over their marks and reputation and is

unjustly enriching defendants.

28.    Defendants' unauthorized acts as described herein have caused and will continue

to cause irreparable damage to plaintiffs' business and goodwill unless restrained by this Court.

29.    Plaintiffs have no adequate remedy at law.

FIRST CLAIM FOR RELIEF
TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

30.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 29

above as if fully set forth herein.

31.    Defendants' THE FAMILY PLACE mark, when used in connection with retail

services, is substantially similar to plaintiffs' THE CHILDREN'S PLACE Marks.

32.    Defendants' unauthorized use of THE CHILDREN'S PLACE Marks is likely to

cause confusion, cause mistake, or deceive consumers as to the source, sponsorship or approval

of defendants' goods and services and, specifically, to cause consumers to believe that

defendants' goods and services are sponsored by, affiliated with, approved by or otherwise

connected with plaintiffs.

{F0063751.4 }

33.     Defendants' acts constitute infringement of plaintiffs' federally registered THE CHILDREN'S PLACE Marks, as set forth in The Children's Place Registrations, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34.     Defendants' conduct has caused and is causing immediate and irreparable injury to plaintiffs.

SECOND CLAIM FOR RELIEF
FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

35.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 34 above as if fully set forth herein.

36.     Defendants' use of THE FAMILY PLACE mark and logo and their conduct complained of herein constitutes a false designation of origin and a false representation as to the origin of defendants' goods and services, is likely to cause confusion, mistake, or deception as to the source of defendants' goods and services, and is likely to create the false impression that the defendants' goods and services are authorized, sponsored, endorsed, licensed by, or affiliated with plaintiffs.

37.     Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     Defendants' conduct has caused and is causing immediate and irreparable injury to plaintiff.

THIRD CLAIM FOR RELIEF
UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

39.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 38 above as if fully set forth herein.

40.     Defendants' conduct complained of herein is likely to confuse the public as to the origin, source or sponsorship of defendants' goods and services, or to cause mistake or to deceive the public into believing that defendants' goods and services are authorized, sponsored, endorsed, licensed by, or affiliated with plaintiffs, in violation of plaintiffs' rights in THE CHILDREN'S PLACE Marks under New York State common law.

41.     Upon information and belief, defendants chose to use THE FAMILY PLACE mark and logo with constructive and/or actual knowledge of plaintiffs' prior use of and rights in THE CHILDREN'S PLACE Marks in connection with retail services.  By adopting and using a colorable imitation of the valuable and distinctive THE CHILDREN'S PLACE Marks and logo, defendants have been unjustly enriched and plaintiffs have been damaged.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF THE NEW YORK DECEPTIVE AND UNFAIR
### TRADE PRACTICES ACT (N.Y. General Business Law § 349)

42.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 41 above as if fully set forth herein.

43.     Defendants' use of THE FAMILY PLACE mark has the capacity to deceive and is deceiving the public as to the source of sponsorship of defendants' goods and services.  As a result, the public will be damaged.

44.     Defendants' conduct is willful and in knowing disregard of plaintiffs' rights.

45.     Defendants have been and are engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of Section 349 of the New York General Business Law.

46.     Defendants' conduct has caused and is causing immediate and irreparable injury to plaintiff.

{F0063751.4 }

FIFTH CLAIM FOR RELIEF
TRADEMARK DILUTION UNDER NEW YORK STATE LAW
(N.Y. General Business Law § 360-1)

47.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 46 above as if fully set forth herein.

48.    Plaintiffs THE CHILDREN'S PLACE Marks are distinctive and acquired their distinctiveness in connection with retail store services before defendants' first use of defendants' infringing THE FAMILY PLACE mark.

49.    Defendants' unauthorized use of THE FAMILY PLACE mark, which is confusingly similar to plaintiffs' is diluting and is likely to continue diluting such marks by blurring the distinctiveness thereof, and is likely to injure plaintiffs' business reputation, in that the reputation of plaintiffs' has been removed from their power and control and that deficiencies in or complaints about defendants' goods and services will redound to the harm of plaintiffs, all in violation of Section 360-l of the General Business Law of the State of New York.

50.    Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to plaintiffs' business and goodwill unless enjoined by this Court.

WHEREFORE, plaintiffs The Children's Place Retail Stores and The Children's Place Services Company, respectfully demands judgment as follows:

(1) That an injunction be issued enjoining defendants, any officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, subsidiaries and assigns, and all those persons in concert or participation with any of them from:

(a)    using The Family Place mark or logo on or in connection with retail services;

{F006375l.4 }

-11-

(b)    using The Family Place mark in whole or in part, or a phonetic equivalent or misspelling thereof, or any other simulation, reproduction, copy, colorable imitation or confusingly similar variation of THE CHILDREN'S PLACE Marks, in connection with retail services.

(c)    conducting any activities in the United States that relate to, refer to or concern the advertising, promotion, display, sale or offering for sale of goods in any media or format, under THE FAMILY PLACE mark in whole or in part, or is a phonetic equivalent or misspelling thereof, or that is a simulation, reproduction, copy, colorable imitation or confusingly similar variation of any of THE CHILDREN'S PLACE Marks;

(d)    using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can, or is likely to, lead members of the trade or public to believe that any goods manufactured, imported, advertised, promoted, distributed, displayed, produced, sold or offered for sale by defendants, or any services advertised, promoted, sold or offered for sale by defendants, are in any manner associated or connected with plaintiffs, or are authorized, licensed, sponsored or otherwise approved by plaintiffs;

(e)    engaging in any other activity constituting unfair competition with plaintiffs, or constituting an infringement of THE CHILDREN'S PLACE Marks;

(f)    applying to register or registering in the United States Patent and Trademark Office or in any state trademark registry any mark consisting in whole or in part of the terms THE FAMILY PLACE or consisting in whole or in part of

any simulation, reproduction, copy or colorable imitation of THE CHILDREN'S

PLACE Marks, for retail services, or any goods or services related to the

foregoing;

(g)    diluting or tarnishing plaintiffs' THE CHILDREN'S PLACE Marks;

(h)    incorporating under, doing business under or seeking to trade under any

business name that includes the terms The Family Place in the United States;

(i)    using any domain name, or metatag that includes in whole or in part the

terms "The Family Place" or any formative thereof, including, without limitation,

the domain name www.thefamilyplace.com, in connection with a web site that

advertises, promotes, markets defendants' retail services, or any goods or services

related to the foregoing;

(j)    owning, renting, purchasing or otherwise obtaining rights to any internet

search term that includes in whole or in part the terms "The Children's Place" or any

formative thereof for purposes of directing internet traffic to any web site related to

retail services;

(k)    assisting, aiding or abetting any other person or business entity in

engaging in or performing any of the activities referred to in subparagraphs (a)

through (j) above.

(2)    Directing defendants to deliver up to plaintiffs' attorneys for destruction all

goods, labels, tags, signs, stationery, receipts, shopping carts and baskets, prints, packages,

signage, promotional and marketing materials, advertisements and other materials currently in

their possession or under defendants' control, incorporating, featuring or bearing THE FAMILY

PLACE marks or any other simulation, reproduction, copy or colorable imitation of THE

CHILDREN'S PLACE Marks or logos in connection with retail services, or any goods or services related to the foregoing.

(3)     Directing that defendants file all documents necessary with the United States Patent and Trademark Office to abandon with prejudice defendant The Family Place, Ltd.'s Trademark Applications to register the mark THE FAMILY PLACE, Serial Numbers 76/648,956 and 76/662,769 or, in the alternative, ordering pursuant to 15 U.S.C. § 1119 that the PTO refuse registration of the marks identified in Defendants' Applications.

(4)     Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product manufactured, imported, advertised, promoted, distributed, displayed, produced, sold or offered for sale, or any service advertised, promoted, sold or offered for sale by defendants is in any manner authorized by plaintiffs or related in any way to plaintiffs.

(5)     Directing defendants to file with the Court and serve upon plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

(6)     Awarding plaintiffs such damages they have sustained or will sustain by reason of defendants' acts of trademark infringement and unfair competition and that such sums be trebled pursuant to 15 U.S.C. § 1117.

(7)     Awarding plaintiffs all gains, profits, property and advantages derived by defendant from defendants' unlawful conduct.

(8)     Awarding to plaintiffs exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate.

(9)    Awarding to plaintiffs their costs and disbursements incurred in this action,

including reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

(10)    Awarding to plaintiffs interest, including pre-judgment interest on the foregoing

sums.

(11)    Awarding to plaintiffs such other and further relief as the Court may deem just

and proper.

Dated:  New York, New York                     Respectfully submitted,
        June 11, 2007

                                               FROSS ZELNICK LEHRMAN &
                                               ZISSU, P.C.

                                               By: _____
                                                   Mario Aieta (MA 2228)
                                                   Betsy C. Judelson (BJ 1107)

                                                   866 United Nations Plaza
                                                   New York, New York 10017
                                                   (212) 813-5900

                                                   Attorneys for Plaintiffs

{F0063751.4 }

# EXHIBIT A

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Thu Jun 7 04:04:21 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start List At:        OR  Jump  to record:        **Record 6 out of 6**

TARR Status   ASSIGN Status   TDR   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | THE CHILDREN'S PLACE |
| **Goods and Services** | IC 042. US 100 101. G & S: RETAIL STORE SERVICES SPECIALIZING IN CHILDREN'S CLOTHING, [ MATERNITY CLOTHING, ] CHILDREN'S [ FURNITURE, ] TOYS AND ACCESSORIES. FIRST USE: 19690201. FIRST USE IN COMMERCE: 19700801 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Design Search Code** | |
| **Serial Number** | 73025302 |
| **Filing Date** | June 26, 1974 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Registration Number** | 1020742 |
| **Registration Date** | September 16, 1975 |
| **Owner** | (REGISTRANT) CHILDREN'S PLACE, INC., THE CORPORATION DELAWARE 10 GLORIA LANE FAIRFIELD NEW JERSEY |
| | (LAST LISTED OWNER) CHILDREN'S PLACE SERVICES COMPANY, LLC, THE DELAWARE LIMITED LIABILITY COMPANY 915 SECAUCUS ROAD SECAUSUS NEW JERSEY 07094 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | J. ALLISON STRICKLAND |
| **Disclaimer** | WITHOUT WAIVING ANY COMMON LAW RIGHTS WITH RESPECT THERETO, APPLICANT HEREBY DISCLAIMS THE WORD "CHILDREN'S APART FROM THE MARK AS A WHOLE. |

**Type of Mark**    SERVICE MARK
**Register**        PRINCIPAL
**Affidavit Text**  SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20050609.
**Renewal**         2ND RENEWAL 20050609
**Live/Dead
Indicator**         LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Thu Jun 7 04:04:21 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:        OR  Jump  to record:        **Record 5 out of 6**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# the children's place

| | |
|---|---|
| **Word Mark** | THE CHILDREN'S PLACE |
| **Goods and Services** | IC 042. US 101. G & S: RETAIL STORE SERVICES SPECIALIZING IN CHILDREN'S CLOTHING. FIRST USE: 19690201. FIRST USE IN COMMERCE: 19700801 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Design Search Code** | |
| **Serial Number** | 73192163 |
| **Filing Date** | November 6, 1978 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Registration Number** | 1137068 |
| **Registration Date** | June 17, 1980 |
| **Owner** | (REGISTRANT) CHILDREN'S PLACE INC., THE CORPORATION DELAWARE 20 GLORIA LA. FAIRFIELD NEW JERSEY 07006 |
| | (LAST LISTED OWNER) CHILDREN'S PLACE SERVICES COMPANY, LLC, THE DELAWARE LIMITED LIABILITY COMPANY 915 SECAUCUS ROAD SECAUSUS NEW JERSEY 07094 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |

| | |
|---|---|
| **Attorney of Record** | LARRY H TRONCO |
| **Prior Registrations** | 1020741;1020742 |
| **Disclaimer** | WITHOUT WAIVING ANY COMMON LAW RIGHTS WITH RESPEECT THERETO, APPLICANT DISCLAIMS THE WORD "CHILDREN'S" APART FROM THE MARK AS SHOWN. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20010708. |
| **Renewal** | 1ST RENEWAL 20010708 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Thu Jun 7 04:04:21 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSER DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:        OR  Jump  to record:        **Record 2 out of 6**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  ( *Use the "Back" button of the Internet Browser to return to TESS)*

# The Children's Place Outlet

| | |
|---|---|
| **Word Mark** | THE CHILDREN'S PLACE OUTLET |
| **Goods and Services** | IC 035. US 100 101 102. G & S: retail store services featuring children's clothing, shoes, purses, toys, belts, jewelry, stationary, hats, furniture, musical products, videotapes and scarfs. FIRST USE: 19961001. FIRST USE IN COMMERCE: 19970301 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Design Search Code** | |
| **Serial Number** | 75268941 |
| **Filing Date** | April 3, 1997 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 24, 1998 |
| **Registration Number** | 2165577 |
| **Registration Date** | June 16, 1998 |
| **Owner** | |
| | (REGISTRANT) Children's Place Retail Stores, Inc., The CORPORATION DELAWARE One Dodge Drive West Caldwell NEW JERSEY 07006 |

(LAST LISTED OWNER) CHILDREN'S PLACE SERVICES COMPANY, LLC, THE DELAWARE LIMITED LIABILITY COMPANY 915 SECAUCUS ROAD SECAUSUS NEW JERSEY 07094

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | J. ALLISON STRICKLAND |
| **Prior Registrations** | 0005313;0011892;1020741;1020742;1137068;1149504;1467689;1642868;AND OTHERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CHILDREN'S" and "OUTLET" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Thu Jun 7 04:04:21 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:          OR  Jump  to record:       **Record 1 out of 7**

TARR Status   ASSIGN Status   TDR   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | BABY PLACE |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Retail Store services featuring children's clothing and accessories. FIRST USE: 19981120. FIRST USE IN COMMERCE: 19981120 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Design Search Code** | |
| **Serial Number** | 75510401 |
| **Filing Date** | June 26, 1998 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 9, 1999 |
| **Registration Number** | 2394007 |
| **Registration Date** | October 10, 2000 |
| **Owner** | (REGISTRANT) CHILDREN'S PLACE RETAIL STORES, INC., THE CORPORATION DELAWARE One Dodge Drive West Caldwell NEW JERSEY 07006 |
| | (LAST LISTED OWNER) CHILDREN'S PLACE SERVICES COMPANY, LLC, THE DELAWARE LIMITED LIABILITY COMPANY 915 SECAUCUS ROAD SECAUSUS NEW JERSEY 07094 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | TAMAR NIV BESSINGER |
| **Prior** | 1020741;1020742;1137068;1642868;1893655;AND OTHERS |

| | |
|---|---|
| **Registrations** | |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BABY" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Thu Jun 7 04:04:21 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
|---|---|---|---|---|---|---|---|---|---|
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:        OR  Jump  to record:      **Record 5 out of 6**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet* |
|---|---|---|---|---|

*Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | SHOE PLACE |
| **Goods and Services** | IC 025. US 022 039. G & S: Children's clothing, namely, footwear, sneakers, sandals, shoes, socks. FIRST USE: 20040600. FIRST USE IN COMMERCE: 20040600 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Design Search Code** | |
| **Serial Number** | 76046687 |
| **Filing Date** | May 11, 2000 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | April 23, 2002 |
| **Registration Number** | 2976471 |
| **Registration Date** | July 26, 2005 |
| **Owner** | (REGISTRANT) CHILDREN'S PLACE SERVICES COMPANY, LLC, THE LTD LIAB CO DELAWARE 915 SECAUCUS ROAD SECAUSUS NEW JERSEY 07094 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | J ALLISON STRICKLAND |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SHOE" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead** | |

**Indicator**          LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

JUDGE CROTTY

**JS 44C/SDNY**
**REV. 1/97**
**WEB 4/99**

CIVIL COVER SHEET **07 CIV 5512**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| THE CHILDREN'S PLACE RETAIL STORES, INC. and THE CHILDREN'S PLACE SERVICES COMPANY, LLC. | THE FAMILY PLACE, LTD., LOT STORES, INC., BURNSIDE AVENUE LOT STORES, INC., CASTLE HILL LOT STORES, INC., and MAMARONECK AVENUE LOT STORES, INC. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| Mario Aieta, Esq., Betsy C. Judelson, Esq. Fross Zelnick Lehrman & Zissu, P.C. 866 U.N. Plaza, NY, NY 10017 (212) 813-5900 | Joseph Sutton, Esq. Ezra Sutton and Associates, P.A. Plaza 9, 900 Route 9, Woodbridge, NJ 07095 (732) 634-3520 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

This action is for trademark infringement and unfair competition under Sections 32(1) and 43(a) of the Lanham Act, and related claims under New York State law

Has this or a similar case been previously filed in SDNY at any time? No? [X] Yes? ☐ Judge Previously Assigned

If yes, was this case Vol. ☐ Invol. ☐ Dismissed. No ☐ Yes ☐ If yes, give date _____ Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)* NATURE OF SUIT

ACTIONS UNDER STATUTES

*RECEIVED JUN 1 1 2007 U.S.D.C. S.D.N.Y. CASHIERS*

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY

**TORTS**

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[x] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

_Check if demanded in complaint:_

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Undetermined OTHER Injunctive

_Check YES only if demanded in complaint_
JURY DEMAND: ☐ YES [x] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | ORIGIN | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441) |
|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT | ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☐ 4 DIVERSITY | |

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6 [ ] 6 |

### PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

The Children's Place Services Company
915 Secaucus Road
Secaucus, New Jersey 07094
Hudson County

The Children's Place Retail Stores, Inc
915 Secaucus Road
Secaucus, New Jersey 07094
Hudson County

### DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

Lot Stores, Inc.
1250 South River Road
Cranbury, New Jersey 08512
Middlesex County

The Family Place, Ltd.
1250 South River Road
Cranbury, New Jersey 08512
Middlesex County

Burnside Avenue Lot Stores, Inc.
18 E. Burnside Avenue
Bronx, New York 10453
Bronx County

Castle Hill Lot Stores, Inc.
1301 Castle Hill Avenue
Bronx, New York 10562
Bronx County

Mamaroneck Avenue Lot Stores
120-122 Mamaroneck Avenue
White Plains, New York 10605 - Westchester County

### DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

| Check one: | THIS ACTION SHOULD BE ASSIGNED TO: (DO NOT check either box if this a PRISONER PETITION.) | ☐ WHITE PLAINS | ☒ FOLEY SQUARE |
|---|---|---|---|

| DATE 6/11/07 RECEIPT # | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT [ ] NO [X] YES (DATE ADMITTED Mo. 3  Yr. 87 ) Attorney Bar Code # MA 2228 |
|---|---|---|

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

James M. Parkison, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# United States District Court

_____ **SOUTHERN** _____ **DISTRICT OF** _____ **NEW YORK** _____

THE CHILDREN'S PLACE RETAIL STORES,
INC. and THE CHILDREN'S PLACE SERVICES
COMPANY, LLC.

               Plaintiffs,

    **V.**

THE FAMILY PLACE, LTD., LOT STORES, INC., BURNSIDE
AVENUE LOT STORES, INC., CASTLE HILL LOT STORES,
INC., and MAMARONECK AVENUE LOT STORES, INC.,
               Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**07 CIV 5512**

**JUDGE CROTTY**

**TO:** (Name and address of defendant)

| | | |
|---|---|---|
| Lot Stores, Inc.<br>1250 South River Road<br>Cranbury, New Jersey 08512<br>Middlesex County | The Family Place, Ltd.<br>1250 South River Road<br>Cranbury, New Jersey 08512<br>Middlesex County | Burnside Avenue Lot Stores, Inc.<br>18 E. Burnside Avenue<br>Bronx, New York 10453<br>Bronx County | Castle Hill Lot Stores, Inc.<br>1301 Castle Hill Avenue<br>Bronx, New York 10562<br>Bronx County |

Mamaroneck Avenue Lot Stores
120-122 Mamaroneck Avenue
White Plains, New York 10605 - Westchester County

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S' ATTORNEY (name and address)

Mario Aieta, Esq.
Betsy C. Judelson Esq.
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nation Plaza
New York, NY 10017
(212) 813-5900

an answer to the complaint which is herewith served upon you, within _____ Twenty (20) _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

JUN 1 1 2007

CLERK                                             DATE

(BY) DEPUTY CLERK

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the defendant.  Place where served: _____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐   Returned unexecuted: _____
_____
_____
_____

☐   Other *(specify):* _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                      Date                                Signature of Server

_____
Address of Server

(1)     As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



-------------------------------------------------------------x

THE CHILDREN'S PLACE RETAIL STORES,  :
INC. and THE CHILDREN'S PLACE           :
SERVICES COMPANY, LLC               :
                   Plaintiffs,    :
                        :
       v.                 :
                        :
THE FAMILY PLACE, LTD., LOT STORES,  :
INC., BURNSIDE AVENUE LOT STORES,   :
INC., CASTLE HILL LOT STORES, INC., and  :
MAMARONECK AVENUE LOT STORES,     :
INC.                Defendants.
-------------------------------------------------------------x

Case No. **07 CIV 5512**

**RULE 7.1 STATEMENT**



RECEIVED
JUN 11 2007
U.S.D.C. S.D. N.Y.
CASHIERS

      Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and to enable Judges and

Magistrate Judges of the Court to evaluate possible disqualifications or recusal, the undersigned

counsel for defendants The Children's Place Retail Stores, Inc. and The Children's Place

Services Company, LLC certify that The Children's Place Retail Stores, Inc. is a publicly traded

company and that 100% of the stock of The Children's Place Services Company, LLC is owned

by Twinbrook Insurance Company, Inc.


Dated: June 11, 2007
New York, New York

                     Respectfully submitted,
                     FROSS ZELNICK LEHRMAN & ZISSU, P.C.

                     By: _____
                         Mario Aieta (MA 2228)
                         Betsy C. Judelson (BJ 1107)
                     *Attorneys for Plaintiffs The Children's Place Retail Stores,*
                     *Inc. and The Children's Place Services Company, LLC*

                     866 U.N. Plaza
                     New York, NY 10017
                     Tel:    (212) 813-5900
                     Fax:   (212) 813-5901

{F0064187.1 }