JOSEPH SUTTON, Esq.  (JS-9864)
EZRA SUTTON, Esq. (ES-2189)
**EZRA SUTTON & ASSOCIATES, P.A.**
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel.: (732) 634-3520
Fax: (732) 634-3511
Attorneys for Defendants
**THE FAMILY PLACE LTD., et al.**

### IN THE UNITED STATES DISTRICT
### COURT  FOR THE SOUTHERN
### DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE CHILDREN'S PLACE RETAIL STORES, INC. and THE CHILDREN'S PLACE SERVICES COMPANY, LCC | : | CASE NO.: <u>07 CV 5512</u> (PAC) |
| Plaintiffs, | : | |
| V. | : | ***ANSWER*** |
| | : | |
| THE FAMILY PLACE, LTD., LOT STORES, INC., BURNSIDE AVENUE LOT STORES, INC., CASTLE HILL LOT STORES, INC., and MAMARONECK AVENUE LOT STORES, INC. | : : : | |
| Defendants. | : | |

### ANSWER TO COMPLAINT

Defendants, THE FAMILY PLACE, LTD., LOT STORES, INC., BURNSIDE AVENUE

LOT STORES, INC., CASTLE HILL LOT STORES, INC., and MAMARONECK AVENUE LOT

STORES, INC., by and  through their attorneys, answer the plaintiffs' Complaint as follows:

## The Parties

1)      Defendants deny the allegations in paragraph 1 of the Complaint.

2)      Defendants admit to the allegations in paragraph 2 of the Complaint.

3)      Defendants admit to the allegations in paragraph 3 of the Complaint.

4)      Defendants admit to the allegations in paragraph 4 of the Complaint.

5)      Defendants admit to the allegations in paragraph 5 of the Complaint, except the statement to the effect that "several" stores of defendant use the FAMILY PLACE trademark.

6)      Defendants admit to the allegations in paragraph 6 of the Complaint.

7)      Defendants admit to the allegations in paragraph 7 of the Complaint.

8)      Defendants admit to the allegations in paragraph 8 of the Complaint.

9)      Defendants admit to the allegations in paragraph 9 of the Complaint.

## Jurisdiction and Venue

10)     Defendants admit to the allegations in paragraph 10 of the Complaint.

11)     Defendants admit to the allegations in paragraph 11 of the Complaint.

## Facts Common To All Claims For Relief

12)     Defendants do not have sufficient information to admit or deny the allegations of Paragraphs 12 through 19 of the Complaint, and therefore leave Plaintiff to its proofs.

## Defendants' Activities

13)     Defendants admit to the allegations in paragraph 20 of the Complaint.

14)    Defendants deny the allegations contained in paragraphs 21 through 23 of the complaint.

15)    Defendants deny the allegations in paragraph 24 through 29 of the Complaint.

### First Claim

16)    In response to the group of allegations in paragraph 30, Defendants repeat their responses to paragraphs 1 through 29 as if fully set forth herein.

17)    Defendants deny the allegations in paragraph 31 through 34 of the Complaint.

### Second Claim

18)    In response to the group of allegations in paragraph 35, Defendants repeat their responses to paragraphs 1 through 34 as if fully set forth herein.

19)    Defendants deny the allegations in paragraph 36 through 38 of the Complaint.

### Third Claim

20)    In response to the group of allegations in paragraph 39, Defendants repeat their responses to paragraphs 1 through 38 as if fully set forth herein.

21)    Defendants deny the allegations in paragraph 40 through 41 of the Complaint.

### Fourth Claim

22)    In response to the group of allegations in paragraph 42, Defendants repeat their responses to paragraphs 1 through 41 as if fully set forth herein.

23)    Defendants deny the allegations in paragraph 43 through 46 of the Complaint.

### Fifth Claim

24)    In response to the group of allegations in paragraph 47, Defendants repeat their

responses to paragraphs 1 through 46 as if fully set forth herein.

25)    Defendants deny the allegations in paragraph 48 through 50 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Third-Party Federal Trademark Rights)

There are numerous registered and allowed trademarks owned by various third-parties which includes using the term **PLACE** in classes 025 & 035 for use with clothing or retail sales of clothing.

In view of the foregoing, it is clear that no single party owns the exclusive rights to all marks which include the term **PLACE**.

Accordingly, Plaintiffs do not own the exclusive rights to all marks which include the term **PLACE**.

### SECOND AFFIRMATIVE DEFENSE

#### (Third-Party Common Law Trademark Rights)

There are numerous third parties using the term **PLACE** . In addition, there are other various third party marks being used on the Internet in connection with the online sale of clothing. Therefore, Plaintiffs have no basis for objecting to Defendants use of the dissimilar mark **THE FAMILY PLACE**.

4

## THIRD AFFIRMATIVE DEFENSE

### (Defendants Use of THE FAMILY PLACE Mark is Distinctive)

Since there are so many third-parties who own and are using different marks which include the term **PLACE,** and since Defendants are the only party to use the mark THE FAMILY PLACE, Defendants marks do not infringe on and are not confusingly similar to any of Plaintiffs' registered trademarks or common law trademarks.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' selection of its mark **THE FAMILY PLACE** was done in good faith, since it corresponds to and is suggestive of Defendants' home products.

## FIFTH AFFIRMATIVE DEFENSE

### (Absence of a Likelihood of Confusion)

Defendants use of their marks **THE FAMILY PLACE and THE FAMILY PLACE (and design)** are used in such a manner so as to avoid a likelihood of confusion as to the source of the products and services at issue. For example, virtually all of the defendants' stores do business under the trade name **LOT STORES,** the main company that runs defendants' retail stores.

5

## SIXTH AFFIRMATIVE DEFENSE

### (Absence of Willful Intent)

Defendants did not use any mark or trade dress of Plaintiffs.

Accordingly, Plaintiff's prayer for damages is barred on the ground that the remedy for innocent infringement, if proven, is limited to an injunction against future presentations of the infringing material. Defendants have stipulated as of June 2007 to a limited preliminary injunction.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims for damages and all other relief are barred by Laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs' claims for damages and all other relief are barred by Waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiffs' claims for damages and all other relief are barred by Acquiescence.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for unfair competition under Section 43(a) of the Lanham Act are barred since Defendants have not made any misrepresentations of fact, and there has been no palming off or passing off since Defendants use their mark **THE FAMILY PLACE** in conjunction with its use of **Lot Stores** as its trade name

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## TWELVTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of exhaustion.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of nominative fair use.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' prayer for punitive damages is barred on the ground that Plaintiffs have failed to allege or prove facts sufficient to state a claim for punitive damages or to show that Defendants are or were guilty of oppression, fraud or malice.

**WHEREFORE**, Defendants pray:

1.  That Plaintiffs take nothing by their Complaint and for a judgment in favor of Defendants and against Plaintiffs, dismissing the Complaint;

2.  That Defendants be awarded their costs of suit, including reasonable attorney's fees; and

3.  That this Court order such other and further relief as it may deem just and proper.

## JURY REQUEST

Defendants hereby request a jury as to all issues triable to a jury.

Sincerely Yours,

JOSEPH SUTTON, Esq. (JS-9864)
**Ezra Sutton & Associates, P.A.**
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Attorneys for Defendants

Dated: August 15, 2007

IN THE UNITED STATES DISTRICT
COURT  FOR THE SOUTHERN
DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE CHILDREN'S PLACE RETAIL STORES, INC. and THE CHILDREN'S PLACE SERVICES COMPANY, LCC | : | CASE NO.: <u>07 CV 5512</u> (PAC) |
| Plaintiffs, | : | |
| V. | : | ***ANSWER*** |
| | : | |
| THE FAMILY PLACE, LTD., LOT STORES, INC., BURNSIDE AVENUE LOT STORES, INC., CASTLE HILL LOT STORES, INC., and MAMARONECK AVENUE LOT STORES, INC. | : : : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Jennifer Friedman, certify that the following documents were served by first-class mail on the 15th day of August, 2007, on plaintiff's attorney Mario Aieta, Esq., of Fross, Zelnick, Lehrman, & Zissu located at 866 U.N. Plaza New York, New York 10017 .

**ANSWER TO COMPLAINT**

Dated: Aug. 15, 2007

Jennifer Friedman

10