Crotty, J

Mario Aieta (MA-2228)
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, New York 10017
(212) 813-5900 (phone)
(212) 813-5901 (fax)

Attorneys for Plaintiffs

Joseph Sutton (JS-9864)
Law Offices of Ezra Sutton, P.A.
Plaza 9, 900 Route 9
Woodbridge, NJ 07095
(732) 634-3520 (phone)
(732) 634-3511 (fax)

Attorneys for Defendants

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 2 2007
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THE CHILDREN'S PLACE RETAIL STORES,  :
INC. and THE CHILDREN'S PLACE        :
SERVICES COMPANY, LLC,               :    Case No. 07 CIV 5512 (PAC) (DFE)
                                     :
                    Plaintiffs,      :
                                     :
        v.                           :    FINAL ORDER ON CONSENT FOR
                                     :    PERMANENT INJUNCTION
THE FAMILY PLACE, LTD., LOT STORES,  :
INC., BURNSIDE AVENUE LOT STORES,    :
INC., CASTLE HILL LOT STORES, INC., and :
MAMARONECK AVENUE LOT STORES,        :
INC.,                                :
                    Defendants.      :
                                     :
-----------------------------------------------------------x

    WHEREAS, on June 11, 2007, Plaintiffs The Children's Place Retail Stores, Inc. and The

Children's Place Services Company, LLC (collectively "The Children's Place" or "Plaintiffs")

filed their Complaint in this action (the "Civil Action") naming as defendants The Family Place,

{F0118119.1}

Ltd., Lot Stores, Inc., Burnside Avenue Lot Stores, Inc., Castle Hill Lot Stores, Inc., and Mamaroneck Avenue Lot Stores, Inc. (collectively "Defendants");

WHEREAS, the Defendants were properly served with the Summons and Complaint in this action; and

WHEREAS, this Court has jurisdiction over the Defendants and the subject matter hereto; and

WHEREAS, on June 20, 2007, Plaintiffs and Defendants entered into a Stipulation which was "so ordered" by the Court on June 25, 2007 (the "June Stipulation"); and

WHEREAS, Defendants having agreed to the entry of this Judgment and Injunction on Consent (the "Consent Decree");

NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This is an action for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related claims arising under the laws of the State of New York based on Defendants' use of the name and mark THE FAMILY PLACE and THE FAMILY PLACE plus Design.

2. This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) of the Judicial Code, 28 U.S.C.

3. The parties acknowledge the jurisdiction of this Court to enter and enforce the Court's Judgment and Order with respect to both parties and their officers, employees, servants, agents, licensees, attorneys, successors-in-title, affiliates, subsidiaries and assigns, and all those

in active concert and participation with it and Defendants hereby consent to the entry of this permanent injunction on consent.

4. Defendants acknowledge the validity of the following marks ("Plaintiffs' Marks") and registrations therefore and agree never to contest the validity of these marks:

- THE CHILDREN'S PLACE for retail store services specializing in children's clothing, children's toys and accessories;
- THE CHILDREN'S PLACE (Stylized) for retail store services specializing in children's clothing; and
- THE CHILDREN'S PLACE OUTLET (Stylized) for retail store services featuring children's clothing, shoes, purses, toys, belts, jewelry, stationary, hats, furniture, musical products, videotapes and scarves; and
- BABY PLACE for retail store services featuring children's clothing and accessories; and
- SHOE PLACE for footwear, sneakers, sandals, shoes, and socks.

5. Plaintiffs and Defendants agree that the June Stipulation will remain in force until December 10, 2007.

6. Within 10 calendar days after Defendants sign this Consent Decree, Plaintiffs will deliver to Defendants' counsel, Law Offices of Ezra Sutton, P.A., a check in a confidential amount, payable to Lot Stores, Inc. The Law Offices of Ezra Sutton, P.A. will hold the check in escrow pending Judge Crotty's signature on this Consent Decree.

7. Within 2 business days after delivery of check as required in paragraph 6, Defendants shall file with the United States Patent and Trademark Office express abandonments of Application Serial No. 76/662,769 (THE FAMILY PLACE plus Design) and Application Serial No. 76/648,956 (THE FAMILY PLACE). Defendants' counsel shall provide a copy of the abandonment to Plaintiffs' counsel contemporaneously with the filing thereof. Defendants shall not register, apply to register, seek registration for, or maintain a registration anywhere in the

world for any trademark, service mark, logo, trade name, corporate name, fictitious business name, domain name, email address or other identifier that includes the words FAMILY PLACE or THE FAMILY PLACE.

8. Within 2 business days after delivery of check as required in paragraph 5, Defendants shall cease all advertising in any media that uses the words FAMILY PLACE or THE FAMILY PLACE.

9. Before November 22, 2007, Defendants must remove and cease all use of the words FAMILY PLACE or THE FAMILY PLACE on any exterior sign of any business owned or operated by Defendants or any of their officers, directors, employees, servants, agents, licensees, attorneys, successors-in-title, affiliates, subsidiaries, assigns, and any entities owned or controlled by Defendants, in whole or in part.

10. Before December 10, 2007, Defendants must remove and cease all other use of the words FAMILY PLACE or THE FAMILY PLACE in connection with any business owned or operated by Defendants or any of their officers, directors, employees, servants, agents, licensees, attorneys, successors-in-title, affiliates, subsidiaries, assigns, and any entities owned or controlled by Defendants, in whole or in part. On or before December 10, 2007, Defendants must destroy all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials currently in its possession or under its control incorporating, featuring or bearing the FAMILY PLACE name or mark or any other name or mark that incorporates the words FAMILY PLACE, or any other simulation, reproduction, copy, colorable imitation or phonetic equivalent of Plaintiffs' Marks.

11. As of December 10, 2007, Defendants and any of their officers, directors, employees, servants, agents, licensees, attorneys, successors-in-title, affiliates, subsidiaries, assigns, and any

entities owned or controlled by Defendants, in whole or in part, and all those in active concert and participation with any of them, are hereby permanently enjoined and forever restrained from:

    (a) using the name or mark THE FAMILY PLACE, or any name or mark that includes the words "FAMILY PLACE," whether such use is alone or in connection with any other words or symbols, as a trademark, service mark, trade name, business name, fictitious business name, domain name or otherwise presenting such names to the public or trade in order to promote or advertise Defendant or its goods or services; using any name or mark confusingly similar to Plaintiff's Marks; using any false designation of origin or false description or performing any act or taking any action that would or is likely to cause the trade or public to derive the erroneous impression that Defendants' services are associated or connected with Plaintiffs or are authorized or licensed or sponsored by Plaintiffs or are in any way related to Plaintiffs or any of its services or products;

    (b) applying to register or registering in the United States Patent and Trademark Office or in any state trademark registry any name or mark consisting in whole or in part of the words FAMILY PLACE or consisting in whole or in part of any simulation, reproduction, copy, colorable imitation or phonetic equivalent of Plaintiffs' Marks;

    (c) registering to do business or doing business under the name FAMILY PLACE or any name that includes the words FAMILY PLACE, or any simulation, reproduction, copy, colorable imitation or phonetic equivalent of Plaintiffs' Marks; and

(d) using any signs, labels, promotional materials, advertising brochures, marketing brochures, business cards, stationery, and any other material bearing the name FAMILY PLACE or any mark incorporating the words "FAMILY PLACE" or any mark or name confusingly similar to Plaintiffs' Marks;

(e) making any verbal statements or other suggestions of affiliation or connection to Plaintiff or any of its services or products;

(f) taking any action that would prejudice, impair, affect or destroy Plaintiff's rights in Plaintiffs' Marks;

(g) engaging in any other activity constituting an infringement of Plaintiffs' Marks;

(h) diluting or tarnishing the CHILDREN'S PLACE trademark; and

(i) instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (k) above.

12. Within five days of entry of this Judgment and Order, Defendants are directed to file with the Secretary of State and/or any other appropriate government offices all documentation required for Defendants to change or abandon the name The Family Place Ltd., and shall provide a copy of such documentation to counsel for Plaintiffs.

13. In the event that either party at any time violates any provision of this Consent Decree, the other party shall be entitled to all relief under 18 U.S.C. § 401 *et seq.*, for contempt of a court order, including costs and attorneys' fees, and such other and further relief to which it may be entitled, including injunctive relief. The jurisdiction of this Court is retained for the

purposes of making any other orders necessary or proper to construe, enforce or implement the terms of this Consent Decree and to punish or award damages for violations thereof.

14. The parties to this Consent Decree waive all right to appeal from entry of this Consent Decree and from any obligations contained herein.

15. This Consent Decree is entered without the award of damages, profits, costs, disbursements, attorneys' fees, or any other monetary relief to any party hereto. Each party shall bear its own attorneys' fees, costs, and expenses in connection with this action and the settlement thereof. Nothing in this paragraph shall limit the parties' ability to recover monetary damages or other relief for a violation of the terms herein.

16. By their signatures and acknowledgements below, the parties understand, and agree to be bound by, the terms of this Consent Decree.

WHEREFORE the parties, by their duly authorized representatives, have set their hands and seals.

Dated: New York, New York
       October 17, 2007

THE CHILDREN'S PLACE RETAIL STORES, INC.

By _____
Name: Ellen Cho
Title: Senior Counsel

THE CHILDREN'S PLACE SERVICES COMPANY, LLC

By _____
Name: Ellen Cho
Title: Senior Counsel

THE FAMILY PLACE, LTD.,

By _____
Name: Hal Dweck
Title: Prs

LOT STORES, INC.

By _____
Name: Hal Dweck
Title: Prs

BURNSIDE AVENUE LOT STORES, INC.,

By _____
Name: HAL DWECK
Title: PRES

CASTLE HILL LOT STORES, INC.

By _____
Name: HAL DWECK
Title: PRES

MAMARONECK AVENUE LOT STORES, INC.

By _____
Name: HAL DWECK
Title: PRES

SO ORDERED: 10/22/07

_____
U.S.D.J.